FILED

MAY 13 2015

U. S. DISTRICT COURT
EASTERN DISTRICT OF MO
ST. LOUIS

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

UNITED STATES OF AMERICA, )
)
Plaintiff, )
)
v. ) NO
)
MATTHEW COX and ) **4:15CR00225 CEJ/NCC**
JASON TOBIAS SMITH, )
)
Defendants. )

**INDICTMENT**

**COUNT I**

The Grand Jury charges that:

Beginning sometime in May of 2014, with the exact date unknown date, and continuing to on or about May 5, 2015, in the Eastern District of Missouri and elsewhere,

**MATTHEW COX and
JASON TOBIAS SMITH,**

the defendants herein, did knowingly and willfully conspire, combine, confederate, and agree with each other and other persons known and unknown to the Grand Jury, to commit the following offense against the United States: to knowingly and intentionally distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance; a mixture or substance containing a detectable amount of cocaine base ("crack cocaine"); and a mixture or substance containing a detectable amount of cocaine, Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1);

All in violation of Title 21, United States Code, Section 846.

Quantity of Controlled Substances Involved in the Conspiracy

1. With respect to defendant COX, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is one (1) kilogram or more of mixture or substance containing a detectable amount of heroin, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(i).

2. With respect to defendant COX, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is two hundred eighty (280) grams or more of mixture or substance containing a detectable amount of cocaine base ("crack cocaine"), making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(iii).

3. With respect to defendant COX, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred (500) grams or more of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

4. With respect to defendant SMITH, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is one (1) kilogram or more of mixture or substance containing a detectable amount of heroin, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(i).

5. With respect to defendant SMITH, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is two hundred eighty (280) grams or more of mixture or

substance containing a detectable amount of cocaine base ("crack cocaine"), making the offense punishable under Title 21, United States Code, Section 841(b)(1)(A)(iii).

6. With respect to defendant SMITH, the amount involved in the conspiracy attributable to him as a result of his own conduct, and the conduct of other conspirators reasonably foreseeable to him, is five hundred (500) grams or more of cocaine, making the offense punishable under Title 21, United States Code, Section 841(b)(1)(B)(ii)(II).

## **COUNT II**

The Grand Jury further charges that:

On or about May 5, 2015, in University City (St. Louis County), Missouri, within the Eastern District of Missouri,

**MATTHEW COX,**

the defendant herein, did knowingly possess firearms, to wit: (i) a Glock Model 19, 9mm semi-automatic handgun, serial number WWL780; and (ii) a CAI 7.62x39 semi-automatic pistol rifle, serial number M92PV033487, in furtherance of a drug-trafficking crime, to wit: conspiracy to distribute and possess with the intent to distribute a mixture or substance containing a detectable amount of heroin, a Schedule I controlled substance; a mixture or substance containing a detectable amount of cocaine base ("crack cocaine"); and a mixture or substance containing a detectable amount of cocaine, Schedule II controlled substances, as charged in Count I herein.

In violation of Title 18, United States Code, Section 924(c)(1)(A), and punishable under Title 18, United States Code, Section 924(c)(1)(A)(i).

**COUNT III**

The Grand Jury further charges that:

On or about May 5, 2015, in University City (St. Louis County), Missouri, within the Eastern District of Missouri,

**MATTHEW COX,**

the defendant herein, having been previously convicted of the following offense(s):

1) On December 13, 2010, in the United States District Court for the Eastern District of Missouri, Cause Number 4:97CR00274 CEJ, on three counts of the offense of Felon in Possession of a Firearm, which is a crime punishable by imprisonment for a term exceeding one year under the laws of the United States;

did knowingly and unlawfully possess the following firearms, to wit:

(i) a Glock Model 19, 9mm semi-automatic handgun, serial number WWL780; and

(ii) a CAI 7.62x39 semi-automatic pistol rifle, serial number M92PV033487;

all of which had previously been transported in interstate commerce.

In violation of Title 18, United States Code, Section 922(g)(1), and punishable under Title 18, United States Code, Section 924(a)(2).

**FORFEITURE ALLEGATION**

The Grand Jury further finds by probable cause that:

1. Pursuant to Title 21, United States Code, Sections 853, upon conviction of an offense in violation of Title 21, United States Code, Sections 841(a)(1) or 846, as set forth in Count I, the defendants shall forfeit to the United States of America any property, constituting or

derived from any proceeds obtained, directly or indirectly, as the result of such violation(s) and any property used or intended to be used, in any manner or part to commit or to facilitate the commission of such violation(s).

2. Subject to forfeiture upon a conviction of Count I is a sum of money equal to the total value of any property, real or personal, constituting or derived from any proceeds obtained directly or indirectly as a result of said violation(s).

3. Pursuant to Title 18, United States Code, Section 924(d)(1), and Title 28, United States Code, Section 2461(c), upon conviction of an offense in violation of Title 18, United States Code, Sections 922(g) or 924(c), as set forth in Counts II and III, the defendants shall forfeit to the United States of America any firearm or ammunition involved in or intended to be used in said offense(s).

4. Specific property subject to forfeiture includes, but is not limited to, the following:

(a) approximately $1,600.00 U.S. currency;

(b) approximately $81,560.00 U.S. currency;

(c) approximately $198,118.00 U.S. currency;

(d) approximately $7,825.00 U.S. currency;

(e) approximately $210,450.00 U.S. currency;

(f) one 2007 Saturn, VIN: 1G8ZS57N07F205741;

(g) one 2006 Ford 500, VIN: 1FAFP23146G132075;

(h) one 2001 Ford Taurus, VIN: 1FAFP55U71G211807;

(i) all monies, funds, and financial instruments deposited or credited to account number ...8809 at U.S. Bank, held in the name of JASON SMITH;

(j) all monies, funds, and financial instruments deposited or credited to account number ...5212 at U.S. Bank, held in the name of Mumin Boutiques, LLC;

(k) all monies, funds, and financial instruments deposited or credited to account number ...6700 at U.S. Bank, held in the name of JASON SMITH;

(l) miscellaneous Firearms and ammunition, more particularly described as:

i. one Glock Model 19, 9mm semi-automatic handgun, SN: WWL780;
ii. one CAI 7.62x39 semi-automatic pistol rifle, SN: M92PV033487;
iii. assorted magazines and rounds of ammunition;

(m) miscellaneous jewelry seized on May 5, 2015.

5. If any of the property described above, as a result of any act or omission of the defendant(s):

a. cannot be located upon the exercise of due diligence;

b. has been transferred or sold to, or deposited with, a third party;

c. has been placed beyond the jurisdiction of the court;

d. has been substantially diminished in value; or

e. has been commingled with other property which cannot be divided without difficulty,

the United States of America will be entitled to the forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p).

A TRUE BILL.

______________________________
FOREPERSON

RICHARD G. CALLAHAN
United States Attorney

______________________________
DEAN R. HOAG, #23843MO
Assistant United States Attorney